[740 NYS2d 122]

In the Matter of CHARLES D. BRIGGINS (Admitted as CHARLES DEWAYNE BRIGGINS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2002

#### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Elizabeth A. Grabowski* of counsel), for petitioner.

#### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent, via publication in the New York Law Journal, with a petition containing one charge

of professional misconduct. After a hearing on June 26, 2001, at which the respondent failed to appear, the Special Referee sustained the charge. The petitioner moves to confirm the Special Referee's report and to impose discipline. The respondent has neither cross-moved nor submitted any papers in response to the motion.

Charge One alleges, in effect, that the respondent has failed to properly re-register as an attorney with the Office of Court Administration (hereinafter OCA), in violation of Judiciary Law § 468-a, Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]), and 22 NYCRR 118.1. OCA records reflect that the respondent failed to re-register with OCA or pay the requisite fee for the registration period 1995 through 1996. To date, the respondent has failed to properly re-register as required by law.

When the petitioner was unable to personally serve the respondent with the petition and the order authorizing the disciplinary proceeding against him, this Court, by order of the Presiding Justice dated January 30, 2001, authorized service upon the respondent by publication in the New York Law Journal for five consecutive days. Publication took place on March 14, March 15, March 16, March 19, and March 20, 2001. Proof of service was filed with this Court on May 21, 2001. No answer was received from the respondent.

At the hearing on June 26, 2001, the petitioner detailed the efforts it made to contact the respondent. In September 1997, the petitioner initiated a sua sponte complaint against the respondent for failing to maintain registration, pursuant to Judiciary Law § 468-a. On October 17, 1997, the petitioner sent a letter to the respondent at the address he is registered at with OCA. The letter advised the respondent of his options to either re-register, retire, or resign, and to comply immediately. Although that letter was not returned to the petitioner and delivery was presumed, the respondent failed to reply. The respondent also failed to reply to a follow-up letter sent by the petitioner on February 27, 1998.

In March 1998 the petitioner learned that the respondent might be living in Georgia. After checking with the Department of Motor Vehicles, the Georgia Bar Association, and the Georgia Department of Public Safety, the petitioner obtained an address for the respondent in Georgia. On April 30, 1998, the petitioner sent a letter to the respondent at the Georgia

address advising him of the sua sponte complaint and suggesting that he contact OCA immediately. The letter was not returned and the respondent failed to reply.

In May and July 1998, OCA advised the petitioner that the respondent had not re-registered, retired, or resigned. On July 15, 1998, the petitioner sent a second letter to the respondent at the Georgia address via regular mail. That letter was returned.

In August and September 1998, OCA advised the petitioner that the respondent had still not complied. On November 13, 1998, December 28, 1998, and January 21, 1999, the petitioner sent letters to the Georgia Postmaster requesting further information on the respondent's address in Georgia. After learning from the Georgia Postmaster that the respondent was no longer at that address and had left no forwarding address, the petitioner sent a letter dated June 17, 1999, to the respondent's New York address, care of his father. On June 22, 1999, the petitioner's investigator left a message with the respondent's mother. That message was not returned.

On November 12, 1999, the respondent's father advised that the respondent might be in Virginia and provided a telephone number. The petitioner was unsuccessful in contacting the respondent. A check with the Virginia Department of Motor Vehicles revealed no record of the respondent.

By letter dated March 1, 2000, the petitioner requested follow-up information from the respondent's father concerning his son's whereabouts. On May 3, 2000, the petitioner's investigator spoke with the respondent's mother regarding the whereabouts of her son. She denied any knowledge of the respondent's whereabouts. A DMV search of the plates on a van in the driveway of the respondent's mother's residence led the investigator to an address in Jamaica, Queens. A letter sent by the petitioner on May 4, 2000, to the Jamaica address was not returned to the petitioner. The respondent did not reply. A follow up letter dated June 26, 2000, sent to the Jamaica address via certified mail was returned unclaimed.

After publication of the order authorizing a disciplinary proceeding against the respondent, the notice of petition, and petition, the petitioner sent the respondent certified letters dated May 22, 2001, apprising him of a June 26, 2001, hearing date. The Post Office advised the petitioner that the letters were not delivered.

Despite numerous attempts to contact the respondent at various addresses, including the address at which he was

registered with OCA, the petitioner has been unsuccessful in locating the respondent. To date, OCA advises that the respondent is not registered and is delinquent for four registration periods.

The Special Referee concluded that the efforts by the petitioner to contact the respondent have "more than exceeded what a prudent man would do to locate somebody" and that further efforts to contact the respondent would be to no avail. Accordingly, the Special Referee closed the hearing at that time.

Under the circumstances, the Special Referee properly sustained the Charge and the petitioner's motion to confirm the Special Referee's report is granted.

Where an attorney defaults in a disciplinary proceeding by failing to file an answer to the petition as directed by the court and fails to otherwise appear or defend himself, the charges must be deemed established. Inasmuch as the respondent never appeared in the proceeding, there is no mitigation offered on his behalf.

The petitioner has advised this Court that the respondent received a Letter of Caution on January 28, 1991, for his failures to properly register as an attorney and to promptly and properly cooperate with the petitioner's investigation.

Under the totality of circumstances, the respondent is disbarred on default.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Charles D. Briggins, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles D. Briggins is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice

in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.